UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against –

GERARDO MIGUEL MORA,
      a/k/a "Gerardo Miguel,"
      a/k/a "Gerardo Mora,"
      a/k/a "Miguel Gerardo,"
      a/k/a "Herrardo Miguel Mora,"

                Defendant.

- - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #: _____ | |
| DATE FILED: 5/5/2026 | |

ORDER OF JUDICIAL REMOVAL

Criminal Docket No. 25 MAG. 963

Upon the application of the United States of America, by Dana McCann, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of GERARDO MIGUEL MORA, a/k/a "Gerardo Miguel," a/k/a "Gerardo Mora," a/k/a "Miguel Gerardo," a/k/a "Herrardo Miguel Mora," (the "defendant"); and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1.     The defendant is not a citizen or national of the United States.

2.     The defendant is a native of Mexico and citizen of Mexico.

3.     The defendant first entered the United States on or about July 13, 2007, at an unknown location without having been admitted or paroled. That same day, the defendant was voluntarily returned to Mexico.

4.     The defendant subsequently re-entered the United States on or about July 15, 2007, at an unknown location without having been admitted or paroled. He was voluntarily returned to Mexico on the day of his re-entry.

5.    On or about August 14, 2011, the defendant was and charged him with attempted rape in the first degree, in violation of New York Penal Law ("NYPL") § 130.35(01); burglary in the second degree, in violation of NYPL § 140.25(02); strangulation in the second degree, in violation of NYPL § 121.12; attempted assault in the second degree, in violation of NYPL § 120.05(03); and forcible touching, in violation of NYPL § 130.52.

6.    On or about January 12, 2012, the defendant was convicted of one count of burglary in the second degree as a sexually motivated felony, NYPL § 140.25(2), in the New York Supreme Court, Criminal Term. The defendant was sentenced to forty-two months of imprisonment, followed by ten years of supervised release.

7.    The defendant was thereafter placed in removal proceedings when he was served with a Notice to Appear ("NTA") on or about May 14, 2012, and charged with INA § 212(a)(6)(A)(i), an alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General.

8.    On July 20, 2012, an Immigration Judge issued an order removing the defendant to Mexico. On September 12, 2014, the defendant was physically removed from the United States. Sometime after, the defendant reentered the United States at an unknown time and at an unknown location without having been admitted or paroled.

9.    On or about April 30, 2023, the defendant was arrested in New York, New York, and charged with false personation, in violation of NYPL § 190.23. On or about May 23, 2024, the defendant was arrested and charged with grand larceny in the

fourth degree, in violation of NYPL § 155.30(05), and criminal possession of a controlled substance in the seventh degree, in violation of NYPL § 220.03. On or about August 16, 2024, the defendant was arrested and charged with petit larceny, in violation of NYPL § 155.25. Lastly, on or about January 11, 2025, the defendant was arrested and charged with petit larceny, in violation of NYPL § 155.25.

10. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offense: illegally reentering the United States after having been lawfully removed following a conviction for the commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

11. A total maximum sentence of 20 years' imprisonment may be imposed for the above-mentioned offense.

12. The defendant is, and at time of sentencing will be, subject to removal to Mexico from the United States pursuant to: (1) Section 212(a)(6)(A)(i) of the Immigration and Nationality Act of 1952, as amended ("Act" or "INA"), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General; (2) INA Section 212(a)(7)(A)(i)(I) , 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under

Section 211(a) of the Act.; (3) INA Section 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; and (4) INA Section 212(a)(9)(C)(i)(II), 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an alien who has been ordered removed under Section 235(b)(2), Section 240, or any other provision of law, and who enters or attempts to reenter the United States without being admitted.

13.    The defendant has waived his right to notice and a hearing under Section 238(c) of the Immigration and Nationality Act of 1952, as amended, (the "Act" or "INA"), 8 U.S.C. § 1228(c).

14.    The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal to Mexico.

15.    The defendant has designated Mexico as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Mexico.

Dated:    New York, New York
          May 5,   2026

HONORABLE ANALISA TORRES
UNITED STATES DISTRICT JUDGE